MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION *v.* HUNNICUTT.

*Robinson, House & Moses* and *Chas. Q. Kelley,* for appellant.

*H. G. Wade,* for appellee.

PER CURIAM. Mutual Benefit Health and Accident Association has been granted an appeal on January 16, 1930, from a judgment rendered against it in the circuit court on the 22d day of July, 1929, in favor of James E. Hunnicutt for $2,740. On August 6, 1929, James E. Hunnicutt transferred said judgment to H. G. Wade for value received. The transfer or sale was duly signed by said James E. Hunnicutt, and acknowledged by him before a justice of the peace on the same day. The said

written assignment of the judgment was filed for record in the circuit clerk's office on the 18th day of January, 1930, and duly recorded. The original assignment was placed in the files of the case in the circuit court which rendered the judgment.

James E. Hunnicutt died intestate on October 15, 1929. Letters of administration were duly granted by the clerk of the probate court upon his estate on the 8th day of April, 1930.

Upon motion of appellant to revive the case in the name of the proper party succeeding to the interest of James E. Hunnicutt in the judgment, each of these parties claimed to be the successor in interest. Said administratrix denies the validity of the assignment to Wade. The latter alleges that the administratrix has no interest in the matter, and that she was divorced from Hunnicutt when the assignment was made.

We cannot try this disputed question of fact. Section 6303 of the Digest provides for the transfer or sale of judgments. Its provisions were complied with, and Wade thereby became the real party in interest in the action before the death of Hunnicutt, and before the appeal was taken; and thereby became the successor in interest to James E. Hunnicutt.

Where the interests of a party to an appeal devolve upon another, whether by operation of law or by act of the parties, a person acquiring such interests will usually be allowed to be substituted, and to prosecute or defend the appeal in place of the original party, if the proper steps are taken in accordance with the practice in the particular jurisdiction. 3 C. J. p. 1031.

Under our Code, actions must be prosecuted in the name of the real party in interest. Crawford & Moses' Digest, § 1089. Here Wade succeeded to the rights of Hunnicutt before his death, and is entitled to defend on the appeal. Of course, the administratrix may proceed by action in a court of competent jurisdiction to have the assignment to Wade set aside on the ground of fraud;

but, until that is done, Wade has the right to be substituted as a party to the appeal. It is so ordered.